PEDRO VIEIRA ET AL., Plaintiffs and Appellants, v. GUILLERMO ALVAREZ BLONDET, Defendant and Appellee.

No. 4554. Argued February 1, 1929.—Decided April 30, 1929.

*J. Martínez Dávila* for the appellants. *A. Rivas* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from an order rendered after judgment in which the original judgment, the opinion of the court, and the evidence at the trial have not been certified up to us. We gather from the pleadings, the motion and the order appealed from and the briefs that Guillermo Alvarez Blondet executed, nominally at least, a mortgage in favor of Pedro Vieira. It transpired that the property described in the mortgage deed was not the one agreed upon between the parties. Alleging that this was so and that Alvarez Blondet, although willing to make amends, had confessed to the truth, Pedro Vieira brought suit to have the mortgage contract rescinded. As we have said, we have not the judgment before us, but for the present we infer that the court acceded to the prayer of the complaint and adjudged that the mortgage contract had been rescinded.

The defendant thereafter came into court and asked for and obtained an order canceling the record of the mortgage in the registry of property. The original plaintiff appealed.

We see no reason to differ from the conclusion arrived at by the court, namely, that when a mortgage contract is rescinded its record should be canceled. The theory of the appellant was that the defendant had no right to a cancellation until he returned to the complainant the amount that he had borrowed, and argued that in fact a contract can not be considered as rescinded until the thing that has been delivered has been returned. Here, however, it was the appellant himself who sought the rescission and the provisions of section 1262 of the Civil Code are applicable to the person who seeks the rescission. The rescission and the order of payment, it would seem, were made disjunctively in the judgment.

Any doubts we have must be decided in favor of the appellee for the want of a proper record. In general to review an order made after judgment the latter and perhaps other proceedings should form part of the transcript and this case presents no exception. It does not suffice to send us the pleadings, the motion and the order made after judgment.

The judgment appealed from will be affirmed.